**David Lancelot JENKINS, Jr., Apellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–97–00334–CR.**

Court of Appeals of Texas,
Tyler.

Jan. 29, 1999.

Discretionary Review Refused
May 12, 1999.

**134**

Larry P. King, Quitman, for appellant.

Henry Whitley, Big Sandy, for appellee.

Panel consists of RAMEY, Jr., C.J., HADDEN, J. and WORTHEN, J.

HADDEN, Justice.

Appellant David Lancelot Jenkins, Jr. appeals his conviction for the offense of aggravated sexual assault of a child. The jury found Appellant guilty of the charged offense and assessed his punishment at 55 years' confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant raises two issues concerning the admission of testimony regarding extraneous incidents between himself and the child victim. We will affirm.

### FACTUAL BACKGROUND

The events relating to the charged offense took place during the summer of 1991 at Appellant's home. The victim, C.U., was 8 years old. His best friend was Justin Jenkins, Appellant's son. C.U. testified that he spent the night at the Jenkins home on numerous occasions that summer and that Appellant initiated sexual contact with him that July. Appellant told C.U. to touch his penis, and Appellant placed his own mouth on C.U.'s penis. These activities formed the basis for the charged offense. However, C.U. also testified, over Appellant's objection, to two extraneous incidents. First, C.U. stated that Appellant had placed his penis in C.U.'s rectum. Second, C.U. said that Appellant had touched his penis and forced C.U. to touch Appellant's penis.

### CONSTITUTIONALITY OF ARTICLE 38.37

In his first point of error, Appellant contends that Texas Code of Criminal Procedure article 38.37 is unconstitutional on its face because it effectively reduces the burden of proof to a standard less than "beyond a reasonable doubt," and therefore, violates the Due Process Clause of the United States Constitution.[1] Appel-

---

1. Although Appellant also asserts that article 38.37 violates the Due Process Clause of the Texas Constitution, he has failed to show why the state constitution offers greater due pro-

lant argues that evidence of extraneous acts, "propensity evidence," erodes the "beyond a reasonable doubt" standard and encourages the jury to convict the accused for his general bad character. This is a case of first impression.[2]

### 1. Standard of Review

 This Court must review the constitutionality of a statute in light of the presumption of the statute's validity. We must presume that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Cr.App.1978). Appellant must show that the statute is unconstitutional. *Id.*

### 2. Due Process and Article 38.37

 "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); *Fisher v. State,* 887 S.W.2d 49, 52–53 (Tex.Cr.App. 1994). "Due process does not lend itself to simple, concise definitions." *Long v. State,* 742 S.W.2d 302, 320 (Tex.Cr.App.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), *overruled on other grounds, Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Cr.App.1990). "The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures." *Id.* We will examine article 38.37 to determine if it comports with the notions of

fairness embodied in the Due Process Clause.

Article 38.37 applies to criminal prosecutions for offenses under certain Penal Code sections if committed against a child under 17 years of age. Section 2 provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (Vernon Supp.1999). Further, article 38.37 does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 4 (Vernon Supp.1999).

 By its very terms, article 38.37 does not alter the burden of proof in the enumerated offenses. The article does not address the burden of proof. Neither did the court's charge alter the burden of proof. In the instant case, the trial court charged the jury on the burden of proof as follows:

> The burden of proof in all criminal cases rests upon the State throughout the trial, and never shifts to the defendant. All persons, including the defendant, are presumed to be innocent and no person may be convicted of an offense unless

---

cess protection than the federal constitution. Therefore, Appellant has waived his state constitutional due process claim. *See Emery v. State,* 881 S.W.2d 702, 708 n. 8 (Tex.Cr.App. 1994), *cert. denied,* 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995) (holding that appellant failed to preserve claim under state constitution where he presented no argument or authority as to why state constitution should afford him more protection that the federal constitution).

2. We note that several courts of appeals have held that the admission of evidence in accordance with article 38.37 was proper. *See, e.g., Ernst v. State,* 971 S.W.2d 698 (Tex. App.—Austin 1998, no pet. h.); *Hinds v. State,* 970 S.W.2d 33 (Tex.App.—Dallas 1998, no pet. h.); and *Howland v. State,* 966 S.W.2d 98 (Tex.App.—Houston [1st Dist.] 1998, pet. granted). However, these courts did not address the constitutionality of the statute.

each element of the offense is proved beyond a reasonable doubt.

. . .

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt.

■ Article 38.37 does not impermissibly lessen the State's burden of proof in this case. The State was required to prove every element of the offense beyond a reasonable doubt. Neither the record before us nor the article itself provides any support for Appellant's contention that the article lowers the State's burden of proof. Although the article may allow evidence that assists the State in proving its case beyond a reasonable doubt, we find no constitutional impediment to the statute. We next consider whether evidence made admissible by article 38.37 renders the trial fundamentally unfair so as to be violative of Appellant's right to a fair and impartial trial.

■ "An accused is entitled to be tried on the accusation made in the state's pleading and he should not be tried for some collateral crime nor for being a criminal generally." *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr.App.1972). Evidence of extraneous offenses is usually excluded because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against collateral charges. *Id.* The admission of such evidence is generally prohibited by Texas Rule of Evidence 404(b). However, our Legislature has chosen to make a specific and limited exception to this prohibition. Article 38.37 allows introduction of extraneous offenses between a defendant and a child victim under the age of 17 for the limited purpose of showing the states of mind of the defendant and child and their relationship.

We do not agree with Appellant that this legislative act renders his trial fundamentally unfair. In *Johns v. State*, our Court

of Criminal Appeals discussed the rationale for allowing testimony of extraneous acts in cases of sexual assault of a child:

In matters of incest or rape under the age of consent, it is often of importance to show the attitude between them and the relative size, age and strength of the parties, and if possible, to show how one in a position demanding care and guidance of a related person, has failed in such duty and has adopted an unnatural attitude relative thereto, and by fondling or otherwise, evidences a desire for sexual gratification toward such child or relative. We therefore think that where any such acts become material to thus show them they are admissible.

■ 155 Tex.Crim. 503, 236 S.W.2d 820, 823 (1951). Other acts of misconduct may " 'explain the charged act—an act that would otherwise seem wholly illogical and implausible to the average juror." ' *Ernst v. State*, 971 S.W.2d 698, 700 (Tex. App.—Austin 1998, no pet. h.) (quoting Cathleen Herasimchuk, *Article 38.37: Using extraneous acts as evidence in child victim cases*, TEX. PROSECUTOR SPECIAL ISSUE 14 (1995)).

'Understandably most jurors are reluctant to believe that parents or others in a parental position would commit sexual or physical crimes against their own or other children. Such evidence not only shows that a peculiar relationship exists, but also how and why the defendant achieved dominance over the child.'

*Id.* The special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts. Further, the fairness of the tribunal is preserved by a defendant's continuing right to challenge the witness by cross.examination. Having examined article 38.37 in light of the presumption of validity, we find the article is constitutional and not violative of Appellant's constitutional right to due process. Therefore, we overrule his first point.

In his second and third points of error, Appellant contended that the trial court erred in admitting evidence of his sodomy of C.U. in violation of Texas Rule of Evidence 403. In its brief, the State argued that the Legislature, in enacting Code of Criminal Procedure 38.37, had already conducted the balancing test required by Rule 403 and had determined that evidence deemed admissible by article 38.37 does not offend Rule 403. Appellant filed a Reply Brief and stated "[a]s noted correctly by the State, however, Article 38.37 supercedes Texas Rule of Evidence 403." Appellant appears to have withdrawn his second and third points from this court's consideration, and therefore, we will not address them.

The judgment is *affirmed.*