PD-1235-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/18/2015 4:21:45 PM
Accepted 9/22/2015 12:36:21 PM
ABEL ACOSTA
CLERK

**No.**

In the

Court of Criminal Appeals of Texas

**DAVID DEAN HARRIS**

*Petitioner - Appellant*

V.

**THE STATE OF TEXAS**

*Respondent - Appellee*

On Petition for Discretionary Review of the Judgment of the Fourteenth Court of Appeals in

No. 14-14-00152-CR

Affirming the trial court judgment from the 180th District Court Harris County, Texas

No. 1340544

**PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

**MAITE SAMPLE**

Attorney for David Dean Harris

State Bar No.: 24052072

405 Main St. Ste. 950

Houston, TX 77002

(713) 909-9685, (713) 229-9996 (fax)

maite.m.sample@gmail.com

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument because this case presents an important question about the constitutionality of Article 38.37(2)(b) of the Texas Code of Criminal Procedure. TEX. R. APP. P. 39.1.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 68.4, a complete list of the names of all interested parties is provided below.

Petitioner:

**David Dean Harris**

Counsel for the State:

**Lisa C. McMinn** – State Prosecuting Attorney

State Prosecuting Attorney of Texas

P.O. Box 13046

Austin, TX 78711-3046

**Devon Anderson** - District Attorney of Harris County

**Alan Curry** - Assistant District Attorney on appeal

Harris County District Attorney's Office

1201 Franklin St. Ste. 600

Houston, TX 77002

Counsel for Petitioner:

**Thomas Martin** - Counsel at trial

1018 Preston, Suite 500

Houston, Texas 77002-1824

**Maite Sample** - Counsel on appeal

405 Main St. Ste. 950

Houston, TX 77002

713-909-9685

Trial Judge:

**Hon. Catherine Evans**

180th District Court, Harris County, Texas

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ............i

IDENTIFICATION OF THE PARTIES ........................... i, ii

INDEX OF AUTHORITIES..............................................iv-vi

STATEMENT OF THE CASE........................................... 1

STATEMENT OF THE PROCEDURAL HISTORY............1

GROUND FOR REVIEW................................................1

Did the Fourteenth Court of Appeals err in ruling that Section 2 of Article 38.37 of the Texas Code of Criminal Procedure is constitutional and does not violate an accused's right to due process where an overwhelming portion of the evidence presented at trial can now be extraneous offense testimony from other women, not the complainant, with no links to the charged offense?

ARGUMENT...................................................................2-15

This Court should reverse the Fourteenth Court of Appeals' affirmance of the trial court judgment in Petitioner's case and enter an order of acquittal, or in the alternative, remand for a new trial because the Court of Appeals should have ruled that Section 2 of Article 38.37 is unconstitutional.

CONCLUSION................................................................16

CERTIFICATE OF SERVICE...........................................16

CERTIFICATE OF COMPLIANCE....................................16

APPENDIX

# INDEX OF AUTHORITIES

## CASES

*Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).

*Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990)

*Estell v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1975)

*Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)

*Fisher v. State*, 887 S.W. 2d 49, 52-53 (Tex. Crim. App. 1994)

*Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965)

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed 368 (1970)

*Jenkins v. State*, 993 S.W.2d 133, 135 (Tex. App.—Tyler 1999, pet. ref'd)

*Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003)

*Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), cert, denied, 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), overruled on other grounds

*Moore v. East Cleveland*, 431 U.S. 494, 503, 97 S.Ct. 1932, 1938 (1977)

*Palko v. Connecticut*, 302 U.S. 319, 325-26 (1937)

*Reno v. Flores*, 507 U.S. 292, 305, 113 S.Ct. 1439, 1448 (1993)

*Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973)

*Segundo v. State,* 270 S.W.3d 79, 87 (Tex. Crim. App. 2008)

*State v. Melcher*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)

**CONSTITUTIONAL PROVISIONS**

Tex. Const. Art. I, Sec. 19

U.S. CONST. AMEND. V

U.S. CONST. AMEND. VI

U.S. CONST. AMEND. XIV

**RULES**

Fed. R. Evid. 413

TEX. R. APP. P. 9.4(g)

TEX. R. APP. P. 39.1

TEX. R. APP. P. 66.3(a)

TEX. R. APP. P. 68.4

TEX. R. EVID. 401

TEX. R. EVID. 404

TEX. R. EVID. 405

**STATUTES**

Tex. Code Crim. Proc. Ann. Art. 1.04

Tex. Code Crim. Proc. Ann. Art. 38.37**§**(2)(b)

**OTHER AUTHORITIES**

http://www.hro.house.state.tx.us/pdf/ba83R/SB0012.PDF**,** House Research

Organization – Bill Analysis, SB12 – 5/16/2013

http://federalevidence.com/node/1121#leg_hist_rules, Advisory Committee

Notes – FRE 412, 413, 414, 415

www.thelawdictionary.org citing *Treloar v. Bigge*, L.R. 9 Exch. 155

www.merriam-webster.com/dictionary/unreasonable

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

Petitioner was charged by indictment with aggravated sexual assault of a child. (CR 13). He entered a plea of not guilty and requested a jury trial. (CR 181). A jury found Petitioner guilty of the charged offense and sentenced him to fifty (50) years confinement in the Institutional Division of the Texas Department of Criminal Justice. *Id*.

## STATEMENT OF PROCEDURAL HISTORY

The Fourteenth Court of Appeals affirmed the trial court's judgment in a published opinion issued on August 20, 2015. Appendix, *Harris v. State*, No. 14-14-00152-CR. No motion for rehearing was filed in this case.

## PETITIONER'S SOLE GROUND FOR REVIEW

Did the Fourteenth Court of Appeals err in ruling that Section 2 of Article 38.37 of the Texas Code of Criminal Procedure is constitutional and does not violate an accused's right to due process where an overwhelming portion of the evidence presented at trial can now be extraneous offense testimony from other women, not the complainant, with no links to the charged offense? TEX. R. APP. P. 66.3(a).

## ARGUMENT

This Court should reverse the Fourteenth Court of Appeals' affirmance of the trial court judgment in Petitioner's case and enter an order of acquittal, or in the alternative, remand for a new trial because the Court of Appeals should have ruled that Section 2 of Article 38.37 is unconstitutional. Article 38.37(2)(b) is unconstitutional because the extraneous offenses allowed under this section render a defendant's trial so fundamentally unfair as to violate the due process guarantees in the United States Constitution, the Texas Constitution, and the Code of Criminal Procedure.

**Law:**

The fifth amendment of the United States Constitution provides, in part, that no person shall be deprived of life, liberty, or property, without due process of law. U.S. CONST. AMEND. V. The fourteenth amendment applies due process to the states by providing, in part, that no state shall deprive any person of life, liberty, or property, without due process of law. U.S. CONST. AMEND. XIV. Article 1, section 19 of the Texas Constitution provides that "no citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land. Tex. Const. Art. I, Sec. 19. Article 1.04 provides that no citizen

2

of this State shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disenfranchised, except by the due course of the law of the land.  Tex. Code Crim. Proc. Ann. Art. 1.04.

**Due Process:**

The Due Process Clause protects accused citizens against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.  *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed 368 (1970); *Fisher v. State*, 887 S.W. 2d 49, 52-53 (Tex. Crim. App. 1994).  "Due Process does not lend itself to simple, concise definitions.  In its most basic sense, due process is the impediment that is constitutionally imposed on governmental conduct that offends our fundamental rights.  In other words, due process is in itself essentially the same as fairness.  Or, at the very least, due process is the vehicle used to arrive at fairness thereby protecting our fundamental rights.  Accordingly, a 'fair trial in a fair tribunal is a basic requirement of due process."  *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), cert, denied, 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), overruled on other grounds; *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990).

The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Id.* Specifically, "An accused is entitled to be tried on the accusation made in that state's pleading and he should not be tried for some collateral crime nor for being a criminal generally." *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).

**Substantive Due Process:**

In assessing whether a government regulation impinges on a substantive due process right, the first step is to determine whether the asserted right is fundamental. *See Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003)(discussing two-step process in analyzing a substantive due process claim). Rights are fundamental when they are implicit in the concept of ordered liberty or deeply rooted in this nation's history and tradition such that "neither liberty nor justice would exist if they were sacrificed." *Moore v. East Cleveland*, 431 U.S. 494, 503, 97 S.Ct. 1932, 1938 (1977); *Palko v. Connecticut*, 302 U.S. 319, 325-26 (1937).

Second, courts require a "careful description" of the asserted fundamental right. Where the right infringed is fundamental, strict scrutiny is applied to the challenged governmental regulation. *Reno v. Flores*, 507 U.S.

292, 305, 113 S.Ct. 1439, 1448 (1993).  Stated otherwise, the Fourteenth amendment "forbids the government infringe…'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Id* at 302.

If legislation alters the essential fairness of a trial then a due process violation is necessarily implicated.  That legislation must be closely scrutinized based on reason, principle, and common human experience.  *Estell v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1975).  Prior to taking the massive step of suspending a constitutional right by impressing an exception upon it on the basis of a compelling state interest there must be evidence that the interest of the public in a specific case substantially outweighs the established constitutional right of the defendant.  *Long*, 742 S.W.2d at 316.  This is because "we cannot ever permit emotion charged issues to erode our fundamental liberties.  To do so would produce emotionally pragmatic deviations from established standards and that will inevitably and ultimately result in a complete erosion of those rights that make us a free society." *Id* at 320.

Furthermore, the general rule is that the defendant is to be tried only for the offense charged, not for any other crimes or for being a criminal generally. *Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008). But, notwithstanding Rules 404 and 405, Article 38.37(2)(b) of the Code of Criminal Procedure allows such evidence "that the defendant has committed a separate offense...for any such bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. R. EVID. 404, 405; Tex. Code Proc. Ann. Art. 38.37(2)(b).

So, when the Court of Appeals wrote that Petitioner failed to cite any controlling authority providing that he has a fundamental right to a trial free from the introduction of extraneous offense evidence they are correct in one sense and yet they miss the greater point. Appendix, *Harris*, No. 14-14-00152 (slip. op. at 7). Petitioner understands that there is no such fundamental right to a trial free from extraneous offense evidence, but he does have a fundamental right to have a fair trial, in a fair tribunal. Those rights are the fundamental rights guaranteed by the Due Process clause of the United States Constitution, the Texas Constitution, and the Code of Criminal Procedure.

6

Although there is a righteous and compelling public interest in protecting children from sexual abuse a defendant cannot be completely denied a fair trial. A legitimate end in and of itself can never be an acceptable motive for diminishing constitutional rights. When legislation does limit these fundamental rights such acts can be justified only by a compelling state interest. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Furthermore, a statute that encroaches upon a fundamental right, even if there is a compelling state interest supporting it, "must be narrowly drawn to express only the legitimate state interests at state." *Id*. at 156, 93 S.Ct. at 728. Legitimate legislative action will not survive a constitutional scrutiny if it utilizes a means that is unnecessarily broad in its invasion of fundamental rights. *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Section 2 of Article 38.37 after September 1, 2013 is no longer narrowly tailored to serve the State's interest in prosecuting sex crimes, therefore the Court of Appeals erred in ruling that the law is constitutional.

**38.37(2)(b) after Sept. 1, 2013:**

Effective September 1, 2013 Article 38.37(2)(b) expanded the scope of extraneous offenses that the state can offer during the guilt innocence phase of trial. Tex. Code Crim. Proc. Ann. Art. 38.37 § (2)(b). It now provides that

"notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *Id*.

Article 38.37(2)(b) impermissibly broadens the use of extraneous offenses in trial beyond the narrow tailoring needed to serve the state's interest in prosecuting sex crimes. A defendant accused of a sexual offense under Article 38.37(2)(b) will have a fundamentally unfair trial where he will no longer enjoy the presumption of innocence. It will be impossible for a jury to be impartial after hearing testimony about numerous, unrelated, extraneous offenses. Furthermore, that jury will be expressly permitted to use that evidence for any purpose, including conformity with bad character.

The new law authorizes a significant departure from established trial procedure because it dispenses with the limitation of Rule 404(b) that evidence of character is not admissible to prove conformity therewith. *Id*; TEX. R. EVID. 404(b). It also does away with the need for any link between the extraneous offenses offered by the state and the charged offense. Tex. Code

8

Crim. Proc. Ann. Art. 38.37**§** (2)(b).  There is no requirement that the victim in the extraneous offense be the same listed complainant in the charged offense. *Id*.  Furthermore, there is no limit to the amount of extraneous offenses that can be introduced, or when they can be introduced.  *Id*.  Nor is there any limitation for how the jury can use evidence of extraneous offenses. *Id*.  Simply put, jurors are now encouraged to use extraneous offenses to find that the defendant is a bad person and probably committed the charged offense because he is a bad person rather than base their verdict solely on the evidence presented at trial.  The presumption of innocence as to the charged conduct is diluted, at best, as a result of this law.

**Rule 413 Comparisons:**

The Court of Appeals compares 38.37(2)(b) to federal rule of evidence 413 and relies on the fact that Rule 413 is still the existing federal law in ruling against Petitioner.  Appendix, *Harris*, No. 14-14-00152 (slip. op. at 6-7); Fed. R. Evid. 413.  But the Court of Appeals' reliance on Rule 413 is erroneous at best.  The passage of Rule 413 was contrary to our standard in Texas set out in *Granviel*.  561 S.W.2d 511 (Tex. Crim. App. 1978).  A closer look at the legislative history of Rule 413 shows that Congress acted unreasonably and arbitrarily despite the advice of the judicial committee when it passed Rule

9

413.  http://federalevidence.com/node/1121#leg_hist_rules, Advisory

Committee Notes – FRE 412, 413, 414, 415.  The Rule was promulgated by

Congress and not by the process outlined in the Rules Enabling Act, 28 U.S.C.

section 2074(a).  *Id*.  In fact, there are no Advisory Committee notes to Rule

413, instead there is a report under the "Legislative History of Rules 413, 414,

and 415" written by the Judicial Conference wherein they strongly oppose the

passage of Rule 413.  *Id*.

The Judicial Conference notes reveal that they sent out a notice

soliciting comments on the new Rules to all federal judges, approximately 900

evidence law professors, 40 women's rights organizations and 1,000 other

individuals and interested organizations.  *Id*.  The Advisory Committee on

Evidence Rules then met to review the responses including 84 written

comments, representing 112 individuals, 8 local and 8 national legal

organizations.  *Id*. The overwhelming majority of judges, lawyers, law

professors, and legal organizations who responded opposed Rule 413 and the

other proposed Rules.  *Id*.  The Standing Committee and Judiciary conference

all recommended that Congress reconsider its decision on the passage of

Evidence Rules 413-415.  *Id*.  They noted that the concerns expressed by

Congress and embodied in the new Evidence Rules 413-415 are already

adequately addressed in the existing Federal Rules of Evidence. *Id.* Furthermore, they noted that the new rules were not supported by empirical evidence and could diminish significantly the protections that have safeguarded persons accused in criminal cases and parties in civil cases against undue prejudice. *Id.* They noted that these protections form a fundamental part of American Jurisprudence and have evolved under long-standing rules and case law. *Id.* A significant concern identified by the committee was the danger of convicting a criminal defendant for past, as opposed to charged, behavior or for being a bad person. *Id.* These are the exact grievances that Petitioner brought before the Court of Appeals in his brief and that he now presents before this Court.

It is especially important to note that the Advisory Committee on Criminal and Civil Rules were nearly unanimous in their opposition to the new rules. [http://federalevidence.com/node/1121#leg_hist_rules](http://federalevidence.com/node/1121#leg_hist_rules), Advisory Committee Notes – FRE 412, 413, 414, 415. They concluded that the new rules would permit the introduction of unreliable but highly prejudicial evidence and would complicate trials by causing mini-trials of other alleged wrongs. *Id.* The Standing Committee too, was nearly unanimous in its

11

opposition to the proposed rules. *Id.* The committees were composed of over 40 judges, practicing lawyers, and members of academia. *Id.*

The fact that Congress passed the rule despite the overwhelming opposition of dozens of legal scholars and professionals in various committees clearly shows that Congress acted unreasonably and arbitrarily. 561 S.W.2d 511 (Tex. Crim. App. 1978). Texas does not have to follow suit, nor should it. In fact, opponents to 38.37(2)(b) made similar arguments against changing the law in Texas.

http://www.hro.house.state.tx.us/pdf/ba83R/SB0012.PDF, House Research Organization – Bill Analysis, SB12 – 5/16/2013, pp. 3-5. Opponents argued that "SB 12 would go too far in eliminating the use of longstanding rules of evidence for certain offenses, which would violate the constitutional requirements of due process and could increase the likelihood of wrongful convictions. Wrongful convictions will almost certainly occur because this type of evidence can be very prejudicial, and jurors will be wary of not convicting a defendant after hearing other allegations. *Id* at 6.

**Petitioner's Case:**

But for Article 38.37(2)(b), the jury deciding his case would only have heard evidence of two extraneous offenses committed against the

complainant. Tex. Code Crim. Proc. Ann. Art. 38.37§(2)(b); (RR IIX 27-69).

Through those two extraneous offenses jurors could have made their

determinations about the state of mind of the defendant and complainant as

well as the relationship between the parties. They then would have heard

evidence about the charged offense itself.

Instead, the jury heard from three different women who testified about

numerous extraneous offenses in addition to the two extraneous offenses J.K.

testified about. (RR VI 30 – RR VII 127); (RR IIX 27-69). Not one single

element of the charged offense was made more or less probable because of

these other women's testimony. TEX. R. EVID. 401. Petitioner is not more

likely to have committed the charged offense just because three other women

testify that he committed sexual offenses against them.

Each woman testified about unique, and individual acts alleged to have

been committed by Petitioner. (RR V 5-119). Their testimony did not provide

sufficient evidence of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident to overcome the huge

risk of undue prejudice created by their testimony. *Id.* To allow the type of

inflammatory testimony of additional, unrelated, extraneous offenses such as

the court allowed in Petitioner's trial was done to ensure that the jury felt

deep disgust and abhorrence towards Petitioner. The testimony of L.C., L.H., and J.A., was of the impermissible kind that "tempts the jury into finding guilt on grounds apart from the proof of the offense charged." *State v. Melcher*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

Furthermore, approximately 25% of the trial testimony was extraneous offense testimony. And all of it was presented to the jury before the complainant, J.K., ever uttered one word of her testimony. (RR VI 30 – RR VII 127); (RR IIX 27-69). Also, J.K.'s testimony included two more extraneous offenses alleged to have been committed by Petitioner. (RR IIX 27-69). Therefore, a disproportionately large portion of Petitioner's trial was dedicated to testimony about extraneous offenses. This resulted in a fundamentally unfair, one-sided trial where Petitioner was denied due process.

Yet, under 38.37(2)(b) the State presented these women's testimony to the jury and the jury was allowed to use the evidence for its bearing on anything they deemed relevant including bad character and conformity therewith. Tex. Code Crim. Proc. Ann. Art. 38.37§(2)(b); (CR 158). The extraneous offenses testified to by L.C., L.H., and J.A. were used to impermissibly bolster J.K.'s testimony. Petitioner had absolutely no chance of

14

a fair and impartial jury after the extraneous offense testimony was presented.  He was denied his due process right to a fair trial because of article 38.37(2)(b) in the Code of Criminal Procedure.  *Id*.

**Harm Analysis:**

Article 38.37(2)(b) denies all defendants due process by eliminating their right to a fair and impartial trial; it also eliminates the presumption of innocence.  Tex. Code Crim. Proc. Ann. Art. 38.37§(2)(b).

Petitioner and all other defendants facing similar charges have no hope of a fair, impartial trial when a law expressly allows jurors to consider evidence of bad acts, completely unrelated to the charged conduct, for any matter they deem relevant including general bad character and acting in conformity with that bad character, during the guilt and innocence phase of trial.  Because this is a violation of the fundamental right to Due Process and Due Course of Law, Petitioner prays this Court will find Article 38.37(2)(b) unconstitutional and enter reverse the decision of the Court of Appeals.

## CONCLUSION & PRAYER FOR RELIEF

Petitioner respectfully urges this Court to reverse the Court of Appeals' decision and enter an order of acquittal, or in the alternative, remand his cause for a new trial.

/s/ **Maite Sample**

Attorney for David D. Harris

SBN 24052072

(713) 909-9685

maite.m.sample@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been delivered to the attorney for the State on this the 18th of September, 2015.

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 3,851 words (counting all parts of the document). The body text is in 14 point font.

/s/ **Maite Sample**

Attorney for David D. Harris

SBN 24052072

(713) 909-9685

maite.m.sample@gmail.com

APPENDIX

**Affirmed and Opinion filed August 20, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00152-CR

### DAVID DEAN HARRIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1340544**

### O P I N I O N

Appellant David Dean Harris appeals his conviction for aggravated sexual assault of a child. The jury found appellant guilty and assessed his punishment at fifty years in prison. In three issues, appellant asserts that (1) Article 38.37, Section 2 of the Texas Code of Criminal Procedure is unconstitutional; (2) the trial court erred by permitting three witnesses to testify on extraneous offense evidence; and (3) the trial court erred by denying his request for a hearing on his motion for new trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, appellant was tried for the first degree felony offense of

aggravated sexual assault of a child. Prior to trial, the State provided appellant with notice of its intention to use evidence of prior extraneous offenses pursuant to Article 38.37 of the Texas Code of Criminal Procedure. Article 38.37, Section 2 provides that notwithstanding Texas Rules of Evidence 404 and 405, evidence that the defendant has committed a separate sexual offense may be admitted in the trial of certain alleged sexual offenses for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. Tex. Code Crim. Proc. art. 38.37, § 2(b). When Article 38.37, Section 2 is invoked, the trial court must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id*. § 2−a.

Before the guilt-innocence phase of trial began, the trial court conducted a hearing in which five witnesses testified as to extraneous incidents that occurred between them and appellant. After each witness testified, the trial court ruled on whether the witness could testify at the guilt-innocence phase of trial. The trial court found that the testimony of three witnesses was adequate to support a finding by the jury that appellant committed the offenses beyond a reasonable doubt and allowed them to testify. The trial court excluded testimony from the other two witnesses. The three witnesses testified about the extraneous offenses during the guilt-innocence phase.

The jury found appellant guilty of aggravated sexual assault of a child. The jury assessed punishment at fifty years in prison. Appellant moved for a new trial, which the trial court denied.

### ISSUES AND ANALYSIS

In three issues, appellant contends that (1) Article 38.37, Section 2 of the Texas Code of Criminal Procedure is unconstitutional because it violates the due process

guarantees of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure; (2) the trial court abused its discretion by allowing three witnesses to testify as to extraneous offense evidence; and (3) the trial court abused its discretion by denying appellant's request for a hearing on his motion for new trial.

## I.     Constitutionality of Article 38.37, Section 2

In his first issue, appellant asserts that Article 38.37, Section 2 of the Texas Code of Criminal Procedure is unconstitutional because it violates the due process guarantees of the United States Constitution, Texas Constitution,[1] and Texas Code of Criminal Procedure. Appellant argues that the statute renders the trial so fundamentally unfair that it denies an accused citizen a fair and impartial trial.

We review the constitutionality of a statute in light of the presumption of the statute's validity. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); *Morris v. State*, 833 S.W.2d 624, 627 (Tex. App—Houston [14th Dist.] 1992, pet. ref'd). We must presume that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel*, 561 S.W.2d at 511. Appellant has the burden to establish that the statute is unconstitutional. *Id*.

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const.

---

[1] Although appellant asserts that Section 2(b) of Article 38.37 violates the due process guarantees of the Texas Constitution, he concedes in his brief that "the State's due course of law provision provides the same protections as the federal Due Process Clause" and that the "two clauses are nearly identical and contain no meaningful distinctions in their respective clauses." Because appellant has failed to show why the state constitution offers greater due process protection than the federal constitution, appellant has waived his state constitutional due process claim. *Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993) (declining to address defendant's Texas constitutional claims because he "proffered no argument or authority concerning the protection provided by the Texas Constitution or how that protection differs from the protection provided by the United States Constitution"); *Varnes v. State*, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("Because [appellant] has not separately briefed his state and federal constitutional claims, we assume that he claims no greater protection under the state constitution than that provided by the federal constitution.").

amend. V. The Due Process Clause requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). Generally, an accused must be tried only for the offense with which he is charged and may not be tried for a collateral crime or being a criminal generally. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds*, *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Section 2(b) of Article 38.37 applies to criminal prosecutions for offenses under certain Penal Code sections[2] and provides that:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim. Proc. art. 38.37, § 2(b).

## A. Appellant Preserved His Constitutional Complaint for Review

The State contends that appellant failed to preserve his constitutional complaint for review and thus has waived this argument on appeal. The State argues that appellant

---

[2] This section applies only to the trial of a defendant for: (1) an offense of the following provisions of the Penal Code: (A) Section 20A.02, if punishable as a felony of the first degree under Section 20A.02(b)(1) (Sex Trafficking of a Child); (B) Section 21.02 (Continuous Sexual Abuse of Young Child or Children); (C) Section 21.11 (Indecency With a Child); (D) Section 22.011(a)(2) (Sexual Assault of a Child); (E) Sections 22.021(a)(1)(B) and (2) (Aggravated Sexual Assault of a Child); (F) Section 33.021 (Online Solicitation of a Minor); (G) Section 43.25 (Sexual Performance by a Child); (H) Section 43.26 (Possession or Promotion of Child Pornography), Penal Code; or (2) an attempt or conspiracy to commit an offense described by Subdivision (1). Tex. Code Crim. Proc. art. 38.37, § 2(a).

objected to the hearing itself, not the constitutionality of the statute on substantive due process grounds.

To preserve a complaint for appellate review, the complaining party must make a timely objection to the trial court that states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1). The complaining party must let the trial judge know what he wants and why he thinks he is entitled to it, and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Although we are not hyper-technical in examination of whether error was preserved, the error on appeal must comport with the objection made at trial. *Id*.

At the beginning of the hearing conducted pursuant to Section 2−a of the Texas Code of Criminal Procedure and before any witness testified, defense counsel stated the following objection:

> At this time for record purposes the Defense would like to lodge an objection to the hearing under the due process clause of the Fifth and Fourteenth Amendment to the U.S. Constitution, Article I, Section 19 of the Texas Constitution, and Article I, Section 1.04 of the Texas Code of Criminal Procedure.

The trial court overruled the objection. Defense counsel then requested a running objection for purposes of the hearing, which the trial court granted.

The State argues that appellant stated an objection only "to the hearing," rather than making a constitutional challenge to the statute. We disagree.

Although appellant stated that he was objecting to "the hearing under the due process clause," it is apparent from the context of the objection that defense counsel was objecting to the unconstitutionality of the statute. This is also apparent from the guilt-innocence phase of trial, in which defense counsel reiterated the same constitutional

5

objection. At the beginning of the guilt-innocence phase of trial, defense counsel again requested to have his running objections regarding the extraneous offenses, which the trial court granted. Specifically, defense counsel stated "[m]ay I continue to have my running objections to this sort of extraneous offense in the main part of the trial just as I did during the extraneous hearing?" When viewing the context of the objections at both the hearing and guilt-innocence phase of trial, it appears that appellant objected to the constitutionality of the statute with sufficient specificity.

Because appellant raised a timely and specific objection as to the constitutionality of the statute, appellant has preserved this error for review.

### B. Appellant Has Failed to Show That Section 2 of Article 38.37 is Unconstitutional

Appellant contends that Article 38.37, Section 2(b) is unconstitutional because it renders an accused's trial so fundamentally unfair that he will no longer enjoy the presumption of innocence. Appellant asserts that allowing the extraneous offense evidence violates the Due Process Clause because it (1) lessens his presumption of innocence; (2) violates the general prohibition against admitting evidence of extraneous offenses; (3) does not require a link between the extraneous offenses and the charged offense; (4) allows evidence from a witness other than the complainant; (5) does not provide a limit on the amount of extraneous offenses that may be introduced; (6) does not limit how the jury can use the extraneous offense; and (7) allows jurors to convict the defendant because he is a bad person.

In enacting Section 2(b) of the Texas Code of Criminal Procedure, the Legislature recognized that the rule would "bring the Texas Rules of Evidence closer to the Federal Rules of Evidence, specifically Federal Rule 413(a), which allows evidence of previous sexual assault cases to be admitted at trial." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013); *see also* Fed. R. Evid. 413(a) ("In a criminal case in which a defendant is accused of a sexual assault, the court may admit

6

evidence that the defendant committed any other sexual assault."). Federal courts have determined that Rule 413 does not violate the Due Process Clause because it does not implicate a fundamental right. *See United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998) (providing that Rule 413 does not violate Due Process Clause because "it was within Congress's power to create exceptions to the longstanding practice of excluding prior-bad-acts evidence"); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) ("Considering the safeguards of Rule 403, we conclude that Rule 413 is not unconstitutional on its face as a violation of the Due Process Clause."). The federal courts emphasized "[t]hat the practice [of excluding prior bad acts evidence] is ancient does not mean it is embodied in the Constitution." *Mound*, 149 F.3d at 801 (quoting *Enjady*, 134 F.3d at 1432). Appellant has failed to cite to any controlling authority providing that he has a fundamental right to a trial free from the introduction of extraneous offense evidence.

Although the general rule provides that evidence of extraneous offenses may not be used against the accused in a criminal trial, the Legislature has chosen to make specific and limited exceptions to this prohibition. *Daggett v. State*, 187 S.W.3d 444, 450−51 (Tex. Crim. App. 2005). For example, "Rule 404(b) sets out an illustrative, not exhaustive, list of exceptions to the prohibition against admitting evidence of extraneous offenses including 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id*. at 451 n.13. Section 1 of Article 38.37 also provides an exception to the general rule by allowing "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense" for its bearing on relevant matters, including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child. Tex. Code Crim. Proc. art. 38.37, § 1(b). This exception has been held to be constitutional by several Texas courts of appeals. *See Martin v. State*, 176 S.W.3d 887, 902 (Tex. App.—Fort Worth 2005, no pet.) (holding that Article

7

38.37, Section 1 did not deny appellant constitutional right to due process); *Brantley v. State*, 48 S.W.3d 318, 329−30 (Tex. App.—Waco 2001, pet. ref'd) (rejecting appellant's argument that article 38.37 was unconstitutional "because it permits a blanket introduction of propensity evidence"); *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd) (holding appellant was not denied fair trial guaranteed by Due Process Clause by admission of evidence of extraneous bad acts).

It is clear that the Legislature chose to carve out another exception to the prohibition on evidence of extraneous offenses when it enacted Article 38.37, Section 2 of the Texas Code of Criminal Procedure. The statute recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics. *Bradshaw v. State*, —— S.W.3d ——, No. 06-14-00165-CR, 2015 WL 2091376, at *7 (Tex. App.—Texarkana May 5, 2015, pet. filed). The legislative history behind Section 2(b) reflects that it was enacted to "give prosecutors additional resources to prosecute sex crimes committed against children" due to the "nature of these heinous crimes and the importance of protecting children from sexual predators." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013). The Legislature acknowledged that:

> Prosecuting sex crimes committed against children can be difficult due to the physical and emotional trauma suffered by the victims. This can result in long delays in reporting these crimes during which physical evidence can deteriorate or be destroyed. Often the only evidence at a trial may be the testimony of the traumatized child. Children often are targeted for these crimes, in part because they tend to make poor witnesses.

*Id*. The Court of Criminal Appeals has also recognized that "[s]exual assault cases are frequently 'he said, she said' trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence." *Hammer v. State*, 296 S.W.3d 555, 561−62 (Tex. Crim. App. 2009). "The special circumstances surrounding the sexual

assault of a child victim outweigh normal concerns associated with evidence of extraneous acts." *Jenkins*, 993 S.W.2d at 136.

Appellant's right to a fair trial is protected by the numerous procedural safeguards provided in the statute. Before the evidence may be introduced, the trial judge must determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt and conduct a hearing outside the presence of the jury for that purpose. Tex. Code Crim. Proc. art. 38.37, § 2−a(1), (2). Defense counsel has the right to challenge any witness's testimony by cross-examination at the hearing. Further, the State must give the defendant notice of its intent to introduce this evidence in its case-in-chief not later than the thirtieth day before the date of the defendant's trial. *Id*. § 3.

The statute does not lessen appellant's presumption of innocence. The statute does not alter the State's burden of proof because the State is still required to prove every element of the charged offense beyond a reasonable doubt. The trial court charged the jury on appellant's presumption of innocence and the State's burden of proof by stating the following:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.
>
> …
>
> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

Article 38.37, Section 2 does not "impermissibly lessen the State's burden of proof in this case."[3] *Jenkins*, 993 S.W.2d at 136. The State was required to prove every element

---

[3] We recognize that *Jenkins* addressed the constitutionality of Article 38.37 prior to its amendment in 2013. *See Jenkins*, 993 S.W.2d at 136. However, like the previous version of the statute, Section 2(b) does not alter the State's burden of proof. *See* Tex. Code Crim. Proc. art. 38.37, § 2(b).

9

of the offense beyond a reasonable doubt. *Id*.

The trial court also charged the jury with the following instruction regarding its ability to consider the extraneous offenses:

> You are further instructed that if there is any evidence before you concerning alleged offenses against a child under seventeen years of age, other than the complainant alleged in the indictment, such offense or offenses, if any, may only be considered if you believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, then you may consider said evidence for bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

In addition to including this instruction in the charge, the trial court went one step further to admonish the jury with this instruction before each witness testified about extraneous offense evidence at trial. "Although [Article 38.37] may allow evidence that assists the State in proving its case beyond a reasonable doubt, we find no constitutional impediment to the statute." *Id*.

We conclude that Section 2 of Article 38.37 of the Texas Code of Criminal Procedure is constitutional and does not violate appellant's constitutional right to due process.

We overrule appellant's first issue.

## II.     Admission of Extraneous Offense Evidence

In his second issue, appellant asserts that the trial court abused its discretion by permitting the three witnesses to testify about extraneous offenses that occurred between them and appellant. Appellant argues that the trial court failed to conduct the necessary balancing test under Rule 403 and that even if it conducted the test, the prejudicial effect of the extraneous offense evidence substantially outweighed any probative value. In response, the State argues that appellant failed to preserve error on this ground at trial.

Before the hearing, appellant's defense counsel objected to the witnesses'

10

testimony regarding the extraneous offenses, arguing that it violated the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. Defense counsel renewed this objection prior to the three witnesses testifying at trial. Appellant never, however, objected to the extraneous offense evidence as unfairly prejudicial under Rule 403. Although appellant did object to one witness's testimony at the hearing as unfairly prejudicial under Rule 403, this witness did not testify during the guilt-innocence stage of trial.

The point of error on appeal must correspond or comport with the objection made at trial. *Bekendam*, 441 S.W.3d at 300. Where a trial objection does not comport with the issue raised on appeal, appellant has preserved nothing for review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); Tex. R. App. P. 33.1. Because appellant did not object to any of the three witnesses' testimony under Rule 403, appellant has failed to preserve this issue for appellate review.

We overrule appellant's second issue.

### III. Motion for New Trial

In his third issue, appellant argues that the trial court abused its discretion by denying his motion for new trial alleging ineffective assistance of counsel without first holding an evidentiary hearing.

We review the trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The purpose of a hearing on a motion for new trial is to (1) decide whether the case shall be retried; and (2) prepare a record for presenting issues on appeal in the event the motion is denied. *Id*. at 338. The right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). A trial court may rule based on sworn pleadings and affidavits without oral testimony; live testimony is not required. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

A hearing on a motion for new trial is required when the motion raises matters which are not determinable from the record and the defendant establishes the existence of reasonable grounds showing that he could be entitled to relief. *Smith*, 286 S.W.3d at 338−39. As a prerequisite to the hearing, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Id*. at 339. The affidavit need not establish a prima facie case, but it must at least contain facts showing reasonable grounds to believe that the defendant could prevail under both prongs of the test for ineffective assistance of counsel under *Strickland v. Washington*. *Id*. at 338 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

To obtain a new trial based on ineffective assistance of counsel, a defendant must establish that his counsel's performance (1) was deficient; and (2) prejudiced his defense. *Id*. at 340. To show deficiency, a defendant must prove by a preponderance of the evidence that counsel's representation fell below the standard of professional norms. *Id*. To establish prejudice, the defendant must show there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. Before a defendant is entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Id*.

Appellant attached an affidavit to his motion for new trial in which he alleged that his trial counsel was ineffective because he (1) failed to investigate appellant's ex-wife for possible motives and biases; (2) failed to call three witnesses for the defense at trial; (3) failed to investigate whether there was a lock on the bathroom door at appellant's home; and (4) failed to visit appellant in jail before and during trial. Appellant also attached affidavits from three other people. Sean James stated that he did not believe appellant sexually assaulted the complainant. Jessica James stated that she lived with

appellant and never saw any inappropriate behavior between appellant and the complainant. Charles Hill stated that one of the witnesses who testified as to extraneous offense evidence told him that nothing happened between her and appellant.

Pursuant to the trial court's order, appellant's trial counsel provided an affidavit. The affidavit consists of six pages in which counsel addresses, in detail, each of appellant's specific complaints regarding his representation.

Although appellant claimed that counsel rendered ineffective assistance by failing to investigate his ex-wife for possible motives and biases, counsel explained in his affidavit that his trial strategy was to portray the ex-wife "as a vindictive cheating spouse who emotionally and mentally manipulated and convinced her daughters and family friends to make false sexual assault allegations against [appellant] so that he would be effectively removed from their lives forever." In support of this strategy, counsel stated that appellant testified as to his ex-wife's possible motive and bias. At trial, appellant stated that he and his ex-wife divorced because she had an affair. He also stated that he believed the complainant and other witnesses were lying because his ex-wife told them to lie. Counsel stated that he cross-examined each of the State's witnesses as to bias and motive after speaking with appellant and reviewing information provided by a private investigator. Although appellant complains that his trial counsel should have investigated his ex-wife for the affair and getting the witnesses to lie, this information was provided by appellant's testimony at trial. The trial court could have reasonably concluded from the record that appellant acted as a competent attorney because he introduced evidence of the ex-wife's bias at trial.

Appellant also contends that counsel was ineffective because he failed to call Charles Hill, Jessica James, and Sean James as witnesses. First, the record reflects that counsel had Jessica James and Charles Hill both testify at trial. Thus the trial court could have reasonably concluded that counsel was not ineffective for failing to call two witnesses who did testify. Counsel admitted that Sean did not testify at trial because he

13

chose not to testify. Counsel believed that if Sean testified, the jury would have heard the basis of his knowledge of the state of affairs at appellant's household and his improper sexual relationship with a minor. Counsel opined that this could have subjected Sean to criminal penalties and that he would not have been an effective witness. Thus, counsel stated that he was relieved when Sean informed him that he could not testify at trial due to "work and transportation" difficulties.

Further, Sean's affidavit is conclusory and is not sufficient to put the trial court on notice that reasonable grounds for appellant's ineffective claim exist. James stated in his affidavit that he lived with appellant and knew the complainant. He stated that he did not think appellant committed the offense and that the case was about appellant's ex-wife trying to get him "gone for good." Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Smith v. State*, 286 S.W.3d at 339; *Buerger v. State*, 60 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Counsel's affidavit also rebutted appellant's allegation that he failed to investigate whether the bathroom door had a lock. Counsel stated that he hired a private investigator who reviewed the issue. Counsel also pointed out that whether the bathroom door was locked did not relate to an element of the offense of aggravated sexual assault and that it was related to extraneous offense evidence. Further, the jury heard conflicting testimony from the witness and appellant as to whether there was a lock on the bathroom door. Appellant testified that there was a working lock on the door and another lock that was broken. Because counsel elicited evidence that there was a lock on the door, the trial court could have reasonably concluded counsel was not ineffective for an alleged failure to investigate the issue.

Counsel admitted that he only met with appellant in jail on one occasion, in which they reviewed the facts of the case and prepared for trial. Counsel stated that he communicated with appellant on four separate occasions with detailed letters in which

14

he responded to appellant's concerns. Counsel claimed that appellant never informed him of any unresolved trial issues and did not offer any new concerns or material for consideration. Appellant's affidavit on this issue is conclusory and does not state what further communication between him and his counsel would have revealed. Because appellant's statements were conclusory and he failed to state what more visits from his trial counsel would have revealed, the trial court could have reasonably concluded that appellant was not prejudiced. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (providing that defendant's affidavit was deficient because it contained conclusory statements and defendant failed to state what further investigation by counsel would have revealed).

Further, because the trial judge who denied the motion for new trial presided over appellant's case, the court could have reasonably concluded that appellant's trial counsel was not deficient. The record reflects that appellant's trial counsel was familiar with relevant case law, made proper objections throughout trial, cross-examined witnesses, and called several witnesses for the defense. Based on the trial judge's familiarity with the case, the trial court could have reasonably concluded from the record that appellant did not render ineffective assistance of counsel by only visiting appellant in jail once. *See Holden*, 201 S.W.3d at 764.

Here, the affiants in this case were appellant, two witnesses who testified, appellant's relative, and appellant's trial counsel. Appellant, the two witnesses, and appellant's trial counsel all appeared before the trial judge in a trial that lasted several days. Appellant testified in his defense at trial. The trial judge had an opportunity to evaluate the credibility and demeanor of both appellant and his trial counsel throughout the course of the trial. Further, the court was familiar with the history and facts of the case.

The trial court could have reasonably concluded without conducting a hearing that appellant's affidavit did not establish the existence of reasonable grounds showing

15

that he could be entitled to relief. *See id.* (concluding that appellant was not entitled to a hearing on his motion for new trial because trial court could resolve conflicts in affidavits based on his familiarity with defendant's case); *see also Garza v. State*, 261 S.W.3d 361, 366 (Tex. App.—Austin 2008, pet. ref'd) ("A trial court has discretion to decide a motion for new trial based on affidavits alone, particularly where the affiants have already appeared in the trial court, so that 'the trial judge ha[s] already had an opportunity to evaluate the affiants' and is 'familiar with the history and the facts of the case.'"). The trial court's determination is entitled to deference on appeal. *See Holden*, 201 S.W.3d at 764. Based on the information before the trial court, together with the judge's prior knowledge of the parties and the case, the trial court did not abuse its discretion by ruling on appellant's motion for new trial without a hearing. *See id.*

We overrule appellant's third issue.

## CONCLUSION

We overrule appellant's issues and affirm the judgment of the trial court.

/s/  Ken Wise
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Publish — TEX. R. APP. P. 47.2(b).

16