**05-12-00218-CR**

**IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS**

**GAYLAND LAMONT EDWARDS,**
Appellant

**v.**

**THE STATE OF TEXAS,**
Appellee

*On appeal from the Criminal District Court No. 7
of Dallas County, Texas
Cause No. F10-55217-Y*

**APPELLANT'S BRIEF**

*Counsel of Record:*

**Lynn Richardson**          **Kathleen A. Walsh**
**Chief Public Defender**    **Assistant Public Defender**
                             Dallas County Public Defender's Office
**Katherine A. Drew**        State Bar Number:  20802200
**Chief, Appellate Division**  133 N. Riverfront Blvd., LB 2
                             Dallas, Texas 75207-399
                             (214) 653-3550 (*telephone*)
                             (214) 653-3539 (*fax*)

ATTORNEYS FOR APPELLANT

## LIST OF PARTIES

**APPELLANT**
Gayland Lamont Edwards

**APPELLANT'S ATTORNEYS**
**AT TRIAL**
Allan Fishburn
State Bar No. 07049110
211 N. Record St., Suite 450
Dallas, TX 75202

**ON APPEAL**
Kathleen A. Walsh
Assistant Public Defender
Dallas County Public Defender's Office
State Bar No. 20802200
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 2
Dallas, Texas  75207-4399

**STATE'S ATTORNEYS**
**AT TRIAL**
Rachel Burris
State Bar No. 24030870
Meredith Behgooy
State Bar No. 24039201
Assistant District Attorneys

**ON APPEAL**
Craig Watkins
(or his designated representative)

Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas  75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES .......................................................................................... ii

INDEX OF AUTHORITIES ............................................................................ iv

STATEMENT OF THE CASE ........................................................................... 1

ISSUES PRESENTED .....................................................................................2

## POINT OF ERROR NO. 1

*The trial court abused its discretion in admitting extraneous offense evidence.*

## POINT OF ERROR NO. 2

*The evidence is insufficient to support the trial court's order for Appellant to pay $806 in court costs.*

STATEMENT OF FACTS ...................................................................................2

SUMMARY OF THE ARGUMENT .................................................................3

    Point of Error No. 1 .................................................................................3

    Point of Error No. 2 ...............................................................................13

ARGUMENT ....................................................................................................4

POINT OF ERROR NO. 1 .................................................................................4

    Pertinent Facts ..........................................................................................4

    Applicable Law .........................................................................................5

        Rule 404(b) ........................................................................................5

        Rule 105(b) ........................................................................................6

    Analysis .....................................................................................................7

    Conclusion ................................................................................................9

POINT OF ERROR NO. 2 ...............................................................................10

    Pertinent Facts ........................................................................................10

    Applicable Law .......................................................................................11

    Analysis ...................................................................................................12

PRAYER .........................................................................................................13

CERTIFICATE OF SERVICE ........................................................................13

# INDEX OF AUTHORITIES

**Cases**

*Armstrong v. State*,
   340 S.W.3d 759 (Tex. Crim. App. 2011).................................................................11

*Gonzalez v. State*,
   304 S.W.3d 838 (Tex. Crim. App. 2010)...................................................................5

*Hinds v. State*,
   970 S.W.2d 33 (Tex. App. - Dallas 1998, no pet.) ....................................................6

*Hitt v. State*,
   53 S.W.3d 697 (Tex. App. - Austin 2001, pet. ref'd)................................................6

*Jenkins v. State*,
   993 S.W.2d 133 (Tex. App. - Tyler 1999, no pet.)....................................................6

*Johnson v. State*,
   No. 14-11-00693-CR, 2012 Tex. App. LEXIS 8657 (Tex. App.—Houston [14th
   Dist.] October 16, 2012 no pet. h.)....................................................................11, 12

*Mayer v. State*,
   309 S.W.3d 552 (Tex. Crim. App. 2010)................................................................11

*Mayes v. State*,
   816 S.W.2d 79 (Tex. Crim. App. 1991)....................................................................6

*Morrison v. State*,
   845 S.W.2d 882 (Tex. Crim. App. 1992)...................................................................7

*Rankin v. State*,
   974 S.W.2d 707 (Tex. Crim. App. 1996).............................................................7, 10

*Rogers v. State*,
   853 S.W.2d 29 (Tex. Crim. App. 1993).....................................................................6

**Statutes**

TEX. CODE CRIM. PROC. art. 38.37 .............................................................................6, 9

TEX. CODE CRIM. PROC. art. 103.001 .........................................................................11

TEX. CODE CRIM. PROC. art. 42.16 .............................................................................11

TEX. GOV'T CODE § 501.014(e).....................................................................................12

TEX. PENAL CODE § 22.021(a)(1)(B)(i).........................................................................5

TEX. PENAL CODE § 22.021(a)(1)(B)(ii)....................................................................1, 5

TEX. PENAL CODE § 22.021(a)(2)(B).............................................................................1

**Rules**

TEX. R. EVID. 105(b)............................................................................................6, 7

TEX. R. EVID. 403 ................................................................................................4

TEX. R. EVID. 404(b)............................................................................................5

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW Appellant, Gayland Edwards, and submits this brief on appeal from a conviction for aggravated sexual assault of a child under 14 years of age in the Criminal District Court No. 7 of Dallas County, Texas, the Honorable Michael R. Snipes, Judge presiding.

## STATEMENT OF THE CASE

Appellant was charged by indictment with aggravated sexual assault of a child pursuant to TEX. PENAL CODE § 22.021(a)(1)(B)(ii) and (a)(2)(B). (CR: 10). A jury trial was held on Appellant's plea of not guilty. (RR2-4). The jury convicted Appellant of aggravated sexual assault of a child, as charged in the indictment. (RR3: 186-87; CR: 30).

Appellant elected to have the trial court assess punishment. (RR3: 188). At the punishment hearing, Appellant pled true to the enhancement paragraph alleging a prior conviction for burglary of a habitation. (RR3: 190). The trial court found the enhancement paragraph true and assessed punishment at 60 years' imprisonment. (RR3: 227). Appellant was sentenced on February 9, 2012. (RR3: 227-28; CR: 31-33). The motion for new trial was overruled as a matter of law. (CR: 35). The notice of appeal and the trial court's certification of the defendant's right of appeal were timely filed. (CR: 34, 36).

## ISSUES PRESENTED

### POINT OF ERROR NO. 1

*The trial court erred by failing to give a limiting instruction at the time the extraneous offense evidence was admitted.*

### POINT OF ERROR NO. 2

*The evidence is insufficient to support the trial court's order for Appellant to pay $806 in court costs.*

## STATEMENT OF FACTS

Kaylan Edwards was 17 years old at the time of trial and a junior in high school. (RR3: 11-12, 14). She testified that when she was younger than 12 years old, right before she went into the sixth grade, Appellant called her into his room to give him a massage and then made her perform oral sex. (RR3: 20-23). Kaylan testified that Appellant made her perform oral sex on him somewhere between five and ten times over a period of several months. (RR3: 24). Kaylan testified that Appellant also penetrated her vagina with his penis on many occasions, more than ten times, with the last incident taking place in the summer before her freshman year in high school. (RR3: 28-31). Kaylan did not tell anyone about the assault until she was 15 years old. (RR3: 35-36). The first person she told was her boyfriend, Emmanuel Alexander Lamas. (RR3: 35-36, 42-46). A couple of months later, she told her best friends, Yvonne and Marisol. (RR3: 36, 51-59, 60-63). Based on what they said to her, Kaylan told her mom. (RR3: 37, 77-80). The police were called, Appellant was arrested and Kaylan was interviewed at the Dallas Children's Advocacy Center. (RR3: 37-38, 82-83, 115-16).

2

During the punishment hearing, the State presented evidence pertaining to Appellant's prior convictions for two misdemeanor thefts and a burglary of a habitation. (RR3: 191; State Exhibit Nos. 5, 6 & 7). Appellant testified on his own behalf and presented testimony from numerous family members, friends, and one of his employers. (RR3: 192-224).

## SUMMARY OF THE ARGUMENT

**Point of Error No. 1.** The evidence of vaginal penetration presented by the State constituted extraneous offense evidence. Appellant was entitled to an instruction limiting the jury's use of such extraneous offense evidence at the time the evidence was admitted. Under the circumstances of this case and the emphasis placed on such evidence by the prosecutor, without the trial court having given the limiting instruction at the time the evidence was admitted, this Court cannot be sure that such evidence was used by the jury for its limited purpose. Since the real possibility exists that the jurors used this evidence improperly by forming an indelible perception of the Appellant that worked unfairly to his inevitable detriment, Appellant should be given a new trial.

**Point of Error No. 2.** The Judgment should be reformed to delete the trial court's order requiring Appellant to pay court costs in the amount of $806.00. The Texas Code of Criminal Procedure specifically provides that a "cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost

3

or the officer who is entitled to receive payment for the cost." No such bill of costs appears in the record of this case.

## ARGUMENT

## POINT OF ERROR NO. 1

*The trial court erred by failing to give a limiting instruction at the time the extraneous offense evidence was admitted.*

**Pertinent Facts.**

The Indictment alleged that Appellant committed the offense of aggravated sexual assault by causing his sexual organ to contact and penetrate the mouth of the child. (CR: 10). Prior to trial, the State gave notice of its intent to introduce extraneous offense evidence showing that Appellant also penetrated the child's vagina on numerous occasions. (CR: 17-18; RR3: 6). Prior to the start of trial, Appellant objected to the admission of this extraneous offense evidence under TEX. R. EVID. 404(b) and 403. (RR3: 6-7). The trial court overruled the objection under the theory that such alleged conduct is "inextricably intertwined with the charged offense as res gestae." (RR3: 7). The trial court also overruled the Rule 403 objection, making a finding that the evidence was more probative than prejudicial. (RR3: 7).

During trial, the complainant testified about the conduct pertaining to the oral sex allegations in the Indictment and testified that Appellant also penetrated her vagina with his penis on many occasions, more than ten times, with the last incident taking place in the summer before her freshman year in high school.

4

(RR3: 28-31). After the complainant finished her testimony on direct examination, Appellant requested that the trial judge give the jury a limiting instruction on the extraneous evidence related to vaginal penetration. (RR3: 41). The judge declined to give such an instruction, stating that he did not believe that the evidence constituted extraneous offense because he had already ruled that the alleged conduct was inextricably intertwined. (RR3: 41). The judge did, however, include a limiting instruction in the jury charge. (CR: 27).

**Applicable Law.**

### *Rule 404(b).*

Each discretely defined act in Section 22.021 of the Penal Code constitutes a discrete offense. *Gonzalez v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010). Under the statute, penetration of the mouth constitutes a discrete act from penetration of the sexual organ and Appellant can be prosecuted for each act separately, even if they occur with a short period of time. *Id.;* TEX. PENAL CODE § 22.021(a)(1)(B)(ii) and (a)(1)(B)(i). Thus, contrary to the trial court's ruling, evidence pertaining to vaginal penetration would be considered extraneous offense evidence under TEX. R. EVID. 404(b). Rule 404(b) prohibits evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he acted in conformity therewith.

Same transaction contextual evidence is an exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony,

5

whether direct or circumstantial, of any one of them cannot be given without showing the others. *Rogers v. State*, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993) (relying on the holding in *Mayes v. State*, 816 S.W.2d 79, 80 (Tex. Crim. App. 1991). However, Appellant has found no cases which hold that discrete acts of sexual conduct as defined in Section 22.021 of the Penal Code constitutes same transaction contextual evidence for purposes of Rule 404(b).

Notwithstanding the above, the Texas Legislature has chosen to make a specific and limited exception to the prohibition against admission of extraneous offense evidence. Article 38.37 of the Code of Criminal Procedure allows introduction of extraneous offenses between a defendant and a child victim under the age of 17 for the limited purpose of showing the state of mind of the defendant and child and their relationship. TEX. CODE CRIM. PROC. art. 38.37; *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App. – Austin 2001, pet. ref'd); *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App. – Tyler 1999, no pet.); *Hinds v. State*, 970 S.W.2d 33, 35 (Tex. App. – Dallas 1998, no pet.).

### *Rule 105(b).*

TEX. R. EVID. 105(b) states, in pertinent part:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly…

In *Rankin v. State*, the Court of Criminal Appeals that Rule 105(b) requires a limiting instruction, upon proper request, when the evidence is admitted. *Rankin*

6

*v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996). In reaching this conclusion, the Court reasoned that because the spirit of the rule and the contemplation of the rule-makers includes the notion that limiting isntructions actually curb the improper use of evidence, and that the rule should act in a way that not only 'restricts the evidence to its proper scope," but does so as effectively as possible, "logic demands that the instruction be given at the first opportunity." *Id*. at 712. The Court opined that an instruction given for the first time during the jury charge necessarily leaves a window of time in which the jury can contemplate the evidence in an inappropriate manner. *Id.* at 712. "Jurors cannot be expected to know exactly how to use the evidence unless we tell them, nor can we guarantee that they will "remain open-minded until the presentation of all of the evidence and instructions…" *Id.* at 712 (citing *Morrison v. State*, 845 S.W.2d 882, 887 (Tex. Crim. App. 1992). Because a court cannot determine how jurors have used admitted evidence, "the possibility exists that, unless we instruct the jury on evidence concurrently with its admittance, jurors may, unbeknownst to us, use the evidence improperly by forming an indelible perception of the defendant that will work unfairly to this inevitable detriment." *Id.*

**Analysis.**

Appellant was charged with aggravated sexual assault by oral penetration. Evidence of vaginal penetration clearly constituted extraneous offense evidence. Under Rule 105(b), Appellant was entitled to an instruction limiting the jury's use

of such extraneous offense at the time the evidence was admitted. The trial court's refusal to give such an instruction was clearly error.

Moreover, Appellant was harmed by the trial court's failure to give such an instruction. More time during the trial was spent on the evidence pertaining to vaginal penetration than was spent on the evidence pertaining to the offense charged in the indictment. The complainant's testimony regarding oral penetration can be fairly characterized as somewhat limited and vague. Indeed, the entirety of such testimony consisted of three pages out of the 41 pages of the record constituting the complainant's testimony on direct examination. The description of what occurred regarding oral penetration consisted of the complainant's testimony that when Appellant called her into the room to give him a massage, "he motioned for me to go lower than was proper and give him oral sex"…."he pushed on my head towards his penis"…"He told me to suck it"…[when it was done] "he told me to leave"…it happened more than five times, less than 10 times over a couple of months. (RR3: 20-23).

On the other hand, the testimony pertaining to vaginal penetration was lengthy, detailed, and emotional. Based on the prosecutor's questioning of the complainant about the vaginal penetration, the jury heard how and where Appellant laid her down, what clothes she had on and how they were removed, the position she was in when Appellant penetrated her and exactly how Appellant penetrated her, and how the penetration of her vagina felt. (RR3: 25-27). Furthermore, the jury heard that the vaginal penetration occurred more than ten

8

times and that the vaginal penetration contintued for many years until the summer before her freshman year. (RR3: 27-28). In addition, the jury heard about a specific instance when the complainant's brother was asleep during one of the instances of vaginal penetration and heard that Appellant required her to engage in such activity in exchange for things she wanted, such as new clothes or shoes. (RR3: 31-34). And finally, the prosecutor's focus during jury argument was clearly on the evidence of vaginal penetration. Although the prosecutor referenced the complainant's description of the first incident of oral penetration, she went into detail about the complainant's testimony regarding the vaginal penetration and referred specifically to the complainant's emotion as she described the incidences of vaginal penetration, stating:

> You heard her describe for you when he put her in the room and he told her to take off her underwear and her pants and he pushed her, got her into the position he wanted her in, bent her over as she sat on the bed and then put his penis in her vagina.

> And when it stopped, he sent her away. And you felt when she was describing that for you that she was reliving it, her fear, her anger, her hurt through all of that. It was palpable in here. And you knew at that moment that Kaylen Edwards was telling you the truth about what had happened with her and her father.

(RR3: 183).

**Conclusion.**

The vaginal penetration evidence was admissible under Article 38.37 for the limited purpose of showing the state of mind of the defendant and child and their relationship. However, under the circumstances of this case and the emphasis

9

placed on such evidence by the prosecutor, without the trial court having given the limiting instruction at the time the evidence of vaginal penetration was admitted, this Court cannot be sure that such evidence was used by the jury for its limited purpose. Accordingly, the real possibility exists that the jurors used this evidence improperly by forming an indelible perception of the Appellant that worked unfairly to his inevitable detriment. *Rankin*, 974 S.W.2d at 712. Indeed, as noted by the Court of Criminal Appeals:

> The purpose of…midtrial limiting instructions is to insure that the jurors realize the proper use of each bit of evidence as it comes in. *Where the jurors have been accumulating their impressions of the evidence over the course of the trial, it is impossible for them to go back at the close of the trial and reassess the evidence in light of the limiting instruction, even if they could appreciate which items of evidence the instruction was supposed to apply to.*

(emphasis added). *Id.* (quoting Professors Wright and Graham, Federal Practice and Procedure § 5065).

Appellant is entitled to a new trial.

## POINT OF ERROR NO. 2

***The evidence is insufficient to support the trial court's order for Appellant to pay $806 in court costs.***

**Pertinent Facts.**

The Judgment of Conviction sets forth court costs in the amount of $806.00. (CR: 31). The clerk's record filed in this case does not contain a bill of costs.

10

**Applicable Law.**

The Texas Code of Criminal Procedure specifically provides that a "cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. art. 103.001; *Johnson v. State*, No. 14-11-00693-CR, 2012 Tex. App. LEXIS 8657 at * 4 (Tex. App.—Houston [14th Dist.] October 16, 2012 no pet. h.) (not yet published). Costs so charged need not be included in the trial court's judgment to be effective because the obligation of a convicted person to pay court costs is established by statute, not by court order. *Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex. Crim. App. 2011). Yet, the Code of Criminal Procedure also mandates that judgments of conviction assess costs against the defendant. TEX. CODE CRIM. PROC. art. 42.16. Consequently, a claim of insufficient evidence to support court costs is reviewable on direct appeal in a criminal case. *See Armstrong*, 340 S.W.3d at 767. This is true even in the absence of an objection to the judgment. *Johnson,* 2012 Tex. App. LEXIS 8657 at * 6-7 (holding that the sufficiency of the evidence to support assessments of costs contained within judgments may be directly appealed without the necessity of having preserved the issue below); *see also Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010) (holding that a sufficiency of the evidence claim regarding a judgment, even the assessment of attorney's fees as costs, need not be preserved and is not waived by the failure to object).

11

**Analysis.**

The evidence is clearly insufficient to support the trial court's assessment of $806.00 in court costs. The record contains no written bill of costs. However, the judgment is formalized and could be acted upon in an attempt to collect the specified amount of $806.00. Indeed, TEX. GOV'T CODE § 501.014(e) requires the Texas Department of Criminal Justice to withdraw from an inmate's account the amount ordered by a court as payment for court costs. *See also Johnson,* 2012 Tex. App. LEXIS 8657 at * 6.

Because there is no evidence in the record to support the trial court's assessment of $806 as court costs, the judgment should be reformed to delete the specific amount of costs. *Id.* at *8.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court reverse the conviction and remand the cause for a new trial. Further, Appellant prays that this Court will reform the Judgment to delete the assessment of court costs in the amount of $806.00. Appellant further prays for any such relief to which he may be entitled.

Respectfully submitted,

Lynn Richardson
Chief Public Defender

_____
Kathleen A. Walsh
Assistant Public Defender
State Bar No. 20802200
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, TX.  75207-4399
(214) 653-3550 (telephone)
(214) 653-3539 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on the Dallas County Criminal District Attorney's Office (Appellate Division), 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by hand delivery on the 29th day of November, 2012 and by email to Michael R. Casillas, Chief of the Appellate Division.

_____
Kathleen A. Walsh

13