

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00326-CR

**JORDAN LUIS GARCIA,**

                                                 **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                 **Appellee**

---

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 20-26165**

---

## MEMORANDUM OPINION

---

Jordan Luis Garcia appeals his two convictions for indecency with a child. In a single issue, he contends the trial court gave an improper instruction to the jury. We affirm.

### Background

Garcia was indicted for engaging in sexual contact with his daughter, referred to as O.C., who was under age seventeen at the time, by causing her to touch his genitals

and by touching her genitals. The jury heard O.C.'s testimony, who was seventeen at the time of the trial, as well as the testimony of the outcry witness, O.C.'s mother, two social workers, a children's advocacy center forensic interviewer, and the pediatric nurse practitioner who performed a sexual assault exam on O.C. After hearing the testimony, the jury found Garcia guilty on both counts and assessed punishment at fifteen years of incarceration for each count and a $10,000 fine for each count. The trial court rendered judgment on each jury verdict and ordered the sentences to run consecutively.

## Jury Charge

In his sole issue, Garcia asserts the trial court erred in including an instruction in the jury charge regarding offenses other than the offenses alleged against him. He opines that this instruction allowed the jury to find he had the propensity to commit the charged acts and that he "acted in conformity with his criminal nature." He further contends the instruction caused egregious harm.

The following instruction is at the heart of Garcia's complaint:

> You are instructed that if there is any testimony before you in this case regarding the Defendant having committed offenses, if any, other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same for its bearing on relevant matters, including the character of the Defendant, acts performed in conformity with the character of the Defendant, the state of mind of the Defendant and the alleged victim O.C., a pseudonym, and the previous and subsequent relationship between the Defendant and the alleged victim, O.C., a pseudonym, if any, in connection

with the offenses, if any, alleged against him in the indictment in this case and for no other purpose.

Standard and Applicable Law

We review charge error by determining first whether error exists, then evaluating the harm caused by any error. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017). If there is no error, our analysis ends. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Because an accused must be tried only for the offense for which he is charged and may not be tried for a collateral crime or for being a criminal generally, extraneous offense evidence is usually not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1); *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, in prosecutions for sexual offenses against children under the age of seventeen, Texas Code of Criminal Procedure article 38.37 permits the admission of evidence concerning extraneous offenses committed by the defendant against the child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. The unique nature of sexual assault crimes justifies admitting extraneous offense evidence. *See Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd).

Article 38.37, section 1(b) provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters including:
> (1) the state of mind of the defendant and the child; and
> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b).

Section 2(b) provides that:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

*Id*. art. 38.37, § 2(b). Subsections 1(b) and 2(b) apply to specified offenses, including indecency with a child. *See id.* art. 38.37, §§ 1(a)(1)(A), 2(a)(1)(C).

Discussion

Embedded in Garcia's complaint that the trial court gave an erroneous charge instruction is the contention that his due process rights were violated. Specifically, he asserts the trial court did not conduct a statutorily required hearing to determine if the evidence would support a finding that he committed any separate offenses. *See id*. art. 38.37, § 2(a). Garcia waived this complaint due to his failure to raise it in the trial court. *See Carmichael v. State*, 505 S.W.3d 95, 103 (Tex. App.—San Antonio 2016, pet. ref'd).

Regarding Garcia's argument that the charge erroneously allowed the jury to consider extraneous offenses, we turn to the applicable statute. The charge tracks the

language of article 38.37.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).  Following the law as it is set out by the Texas legislature will not be deemed error on the part of a trial judge.  *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996).  Additionally, Garcia did not request any limiting instructions on evidence he deemed extraneous offense evidence.  Therefore, the evidence was admitted for all purposes.  *See Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001).  We hold that the trial court did not err by instructing the jury that it could consider evidence of extraneous offenses or acts for character-conformity purposes.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); *Martinez*, 924 S.W.2d at 699.

Furthermore, the charge also instructed the jury that it could consider extraneous offenses for their bearing on relevant matters including the state of mind of the defendant and the victim and the relationship between them.  Therefore, the jury could have properly considered the evidence that Garcia committed other offenses for the reasons articulated in article 38.37, section 1(b) instead of for purposes of character conformity addressed in section 2(b).  *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b); *Campbell v. State*, No. 02-15-00018-CR, 2015 Tex. App. LEXIS 12592, at *10-11 (Tex. App.—Fort Worth Dec. 10, 2015, no pet.) (mem. op., not designated for publication).  We overrule Garcia's sole issue.

We affirm the trial court's judgments on each count for indecency with a child.

STEVE SMITH
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed July 25, 2024
Do not publish
[CR25]

