

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES EDWARD BATES, | § | No. 08-23-00183-CR |
| Appellant, | § | Appeal from the |
| v. | § | 346th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20180D02621) |

## <u>SUBSTITUTED MEMORANDUM OPINION</u>

We withdraw our opinion and judgment of September 9, 2024, and substitute the following opinion in its place. Appellant's motion for rehearing is denied.

A jury convicted Appellant James Edward Bates on one count of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. In his sole issue, Bates contends the trial court erred in admitting—during the guilt-innocence phase of trial—a judgment of conviction against Bates for a previous charge of indecency with a child by sexual contact. We affirm.

# I. BACKGROUND[1]

In May 2018, a grand jury charged Bates by indictment with one count of committing an act of aggravated sexual assault of a child, and one count of committing an act of indecency with a child by sexual contact. Both counts charged that Bates committed the offenses against complainant, Z.G., a child younger than 14 years of age. Pursuant to Article 38.37 of the Texas Code of Criminal Procedure, the State soon filed a notice of intent to introduce evidence of extraneous offenses and bad conduct committed by Bates during its case-in-chief, in rebuttal, or during the punishment phase of trial. Among other matters, the State gave notice of its intent to introduce evidence that Bates was convicted of indecency with a child by contact in December 2006, for which he served a sentence of five years' confinement. Based on this prior conviction, the State also gave notice of its intent to seek an enhancement of the range of punishment.

Before trial, and outside the presence of the jury, the trial court asked whether there were any pretrial matters needing resolution. In response, the State gave notice of its intent to call a fingerprint expert to testify, and through that testimony, seek admission of Bates's 2006 conviction for indecency with a child. Bates urged that, if the State was offering the evidence pursuant to Article 38.37 of the Code of Criminal Procedure, then a separate hearing would first be needed to establish the admissibility of the evidence. The State confirmed it planned to introduce the evidence during the guilt-innocence phase of trial as permitted under Article 38.37.

---

[1] In this appeal, Bates does not challenge the sufficiency of the evidence to support his conviction for either of the two charges tried to a jury verdict in the instant case. Accordingly, we set forth only an abbreviated factual background as relevant to the sole issue raised on appeal. To the extent Bates challenges the sufficiency of the evidence to support his 2006 conviction from Bexar County for indecency with a child—of which the judgment of conviction was introduced at trial pursuant to Article 38.37, § 2(b) of the Texas Code of Criminal Procedure—we address arguments related to that conviction only insofar as they were properly raised and were necessary to resolving the appeal. *See* Tex. R. App. P. 47.1.

The trial court proceeded to hold a separate hearing outside the jury's presence. The State called Stephen Martinez, a fingerprint expert retired from the El Paso Police Department, who was currently employed as an investigator with the District Attorney's office. Martinez testified he had obtained fingerprints from Bates before the hearing had started and compared those prints to prints appearing on the State's exhibits. The State next offered the following three exhibits: (1) sex offender registration records identified as State's Exhibit 1; (2) a 2006 judgment of conviction identified as State's Exhibit 2; and (3) a fingerprint card of Bates's known prints, rolled by Martinez, which was identified as State's Exhibit 3. Martinez testified the inked prints appearing on the sex offender registration records belonged to Bates based on his comparison of State's Exhibits 1 and 3. As for State's Exhibit 2, the State offered the exhibit as a self-authenticating document containing the 2006 judgment of conviction, claiming it linked with State's Exhibit 1, the sex offender registration records. The prosecutor described State's Exhibit 2 as including a seal from the Bexar County Court from which the judgment originated. After Bates objected, the trial court overruled his objections.

The guilt-innocence phase of the jury trial proceeded immediately thereafter. At trial, the State presented its case-in-chief through the live testimony of complainant Z.G., and several witnesses including her family members, a school coordinator, and three detectives. Investigator Martinez, the finger print expert who had testified during the pretrial hearing, also testified at trial. After deliberating, the jury returned a verdict of guilty as to both counts charged by the indictment.

At the start of the punishment phase of trial, the trial court entered a plea of "not true" as to the enhancement consisting of the prior felony conviction.[2] Defendant Bates and his father

---

[2] Bates refused to enter a plea and objected to the trial court's entry of "not true," asserting no plea was required under the circumstances.

testified in the defense case-in-chief. Bates described that he had entered a plea of nolo contendere to the 2006-indecency-with-a-child-by-sexual-contact charge believing he would receive deferred adjudication. Instead, he described that he was sentenced to and served a five year prison term. Bates additionally confirmed he was the person depicted in the mugshot photographs appearing on the sex offender registration records. After deliberating, the jury found the enhancement allegation to be true and assessed punishment on each count as confinement for a term of life. The trial court thereafter sentenced Bates to life imprisonment on each count, with each sentence running concurrently.

This appeal followed.

## II. ADMISSION OF EVIDENCE

In his sole point of error, Bates merely contends the trial court erred in admitting "unauthentic" evidence of a previous conviction in the guilt-innocence phase of trial. When liberally construing his briefing, however, additional arguments are made in the body of his briefing. *See* Tex. R. App. P. 38.9 (providing that substantial compliance with briefing rules is sufficient and briefs are to be construed liberally). For example, he follows his initial framing of his sole point of error by claiming the prior-conviction evidence was more prejudicial than probative. And, in other parts of his brief, including a section titled "Harm Standard," he further mentions in passing that the prior-conviction evidence was not sufficiently linked to him, it was hearsay, and it violated the Confrontation Clause.

We consider each of these arguments in turn to the extent we are permitted to review his claims.

4

## A. Applicable law

Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* Tex. R. Evid. 404(b). But, in the context of sexual assault of a child, a different rule applies, recognizing that '[t]he special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts.'" *Alvarez v. State*, 491 S.W.3d 362, 367 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd)). At the trial of a defendant who is accused of aggravated sexual assault of a child, or of indecency with a child, the State is permitted to provide evidence of other children sexually assaulted by the defendant "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b).

Before such evidence is introduced, however, the trial judge must first conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id*. § 2-a(1). Second, the admission of such evidence remains limited by Rule 403's balancing test, which provides for the admission of evidence "as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd); *see* Tex. R. Evid. 403.

Where evidence is presented in documentary form, the authentication is governed by Rule 901 of the Texas Rules of Evidence. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what its proponent claims it is." Tex. R. Evid. 901(a). At trial, the jury determines "whether

an item of evidence is indeed what the proponent claims"; the trial court only makes "the preliminary determination that the proponent . . . has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic." *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015). Said another way, the trial court need not be convinced that the item is authentic; it need only determine that a reasonable juror could find the item is authentic. *See Watson v. State*, 421 S.W.3d 186, 190 (Tex. App.—San Antonio 2013, pet. ref'd) (citing *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007)).

## B. Standard of review

We review the admissibility of evidence of an extraneous offense for an abuse of discretion. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion, and we will uphold the ruling on review. *Id*. In determining whether the trial court abused its discretion, we may not substitute our opinion for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

## C. Application

### (1) Merits-based analysis

Based on our review of the record, Bates's objected to the challenged evidence on two grounds: (1) that it was unauthenticated, and (2) that it was insufficient for a jury to find beyond a reasonable doubt that he had committed the extraneous offense. Notably, Bates does not specifically identify in his briefing which of the State's three exhibits he complains of on appeal. In liberally construing Bates's briefing, we conclude he is challenging the admission of the 2006 judgment of conviction, which was identified as State's Exhibit 2. In pointing to the record, he asserts that investigator Martinez, the State's fingerprint expert, had testified he could not authenticate the judgment of conviction. In reviewing the record, however, we note that Martinez

6

merely explained that he did not compare fingerprints he had obtained from Bates with those appearing on the 2006 judgment of conviction. In responding, the State asserted the 2006 judgment of conviction was self-authenticating. To the extent Bates complains that the judgment of conviction was not authenticated, and that it was inadequate for a jury to find beyond a reasonable doubt that he had committed a prior sexual offense against a child, we reject his complaints for two reasons.

First, State's Exhibit 2 contained information that matched other properly authenticated evidence—namely, State's Exhibit 1. *See Billington v. State*, No. 08-12-00144-CR, 2014 WL 669555, at *3–4 (Tex. App.—El Paso Feb. 19, 2014, no pet.) (not designated for publication) (holding the trial court did not abuse its discretion by admitting evidence regarding the defendant's prior convictions where the State properly authenticated several judgments by connecting information within the judgments to information within other exhibits that contained the defendant's known fingerprints, despite the State's inability to match the fingerprints on the judgments to the defendant's fingerprints). Additionally, State's Exhibit 2 contains other identifying information tying Bates to the subject conviction.[3] *See Dominguez v. State*, No. 08-13-00143-CR, 2015 WL 1137742, at *5 (Tex. App.—El Paso Mar. 11, 2015, no pet.) (prior convictions had several identifiers independent of fingerprint evidence, such as the defendant's date of birth and a street address, which tied the conviction to the defendant). For this reason, and without more from Bates, we conclude the 2006 judgment of conviction was properly authenticated.

---

[3] Both State's Exhibits 1 and 2 contain identical information about Bates's identity and the offense for which he was convicted. Specifically, both exhibits contain Bates's full name, his DPS number, the same cause number, the location of the charged offense (Bexar County), the sentence length (5 years), the date of conviction (December 4, 2006), and the name of the charged offense (indecency with a child).

7

Second, the 2006 judgment of conviction for indecency with a child by sexual contact, and the sex offender registry records, sufficiently established the extraneous offense beyond a reasonable doubt. Pursuant to Article 38.37, evidence of an extraneous offense may be introduced when a trial court "determine[s] that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." Tex. Code Crim. Pro. Ann. art. 38.37 § 2-a(1). Here, the trial court made that determination after hearing the testimony of Martinez and reviewing the State's tendered exhibits. The trial court's decision to admit the evidence was not an abuse of discretion. *See Jurado v. State*, No. 08-17-00010-CR, 2019 WL 1922757, at *8 (Tex. App.—El Paso Apr. 30, 2019, pet. ref'd) (not designated for publication) (finding the judgment from a prior conviction and related probation records were sufficient evidence to establish the conviction beyond a reasonable doubt); *Luvano v. State*, No. 11-14-00122-CR, 2016 WL 1725455, at *2–3 (Tex. App.—Eastland Apr. 21, 2016, no pet.) (mem. op., not designated for publication) (holding a certified judgment of conviction containing the defendant's fingerprints was sufficient evidence to prove the existence of the conviction beyond a reasonable doubt pursuant to Article 38.37). Accordingly, we cannot say the challenged evidence was not authenticated nor insufficient to support a finding by the jury beyond a reasonable doubt that Bates had committed the separate offense reflected by the 2006 judgment of conviction.

### (2)   The remaining complaints

Bates scattered additional complaints throughout his briefing. As to each, we must first determine whether any were preserved for our review. To preserve complaints for review, a party must present a timely request, objection, or motion to the trial court stating specific grounds for the desired ruling unless the specific grounds are apparent from the context. *See* Tex. R. App. P.

8

33.1(a)(1)(A); Tex. R. Evid. 103(a). The purpose of requiring specificity is twofold: (1) to inform the trial court of the basis of the objection and give the court an opportunity to rule on it and (2) to give the opposing party the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). And as relevant here, "the trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (citing Tex. R. App. P. 44.2(a), (b)). Finally, the complaint being raised on direct appeal must also not vary from the complaint asserted at trial. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (en banc).

First, in one sentence of his brief, Bates mentions the evidence of his prior conviction "had a more prejudicial than probative effect." He does not expand on his argument, develop it further, or cite any authority supporting the complaint. On review of the record of both the pretrial hearing and the guilt-innocence phase of trial, we note that Bates neither objected on the basis of the evidence being more prejudicial than probative nor did he make a request that the court conduct a Rule 403 balancing test. Although the admission of evidence under Article 38.37 may be limited for its potential for unfair prejudice, Bates failed to timely preserve that objection. *See Bradshaw*, 466 S.W.3d at 882 (providing that appellant failed to preserve the issue for review by failing to lodge a Rule 403 objection to his extraneous-offense evidence at trial). Accordingly, any complaint of the evidence being more prejudicial than probative was not preserved for our review. *Knox v. State*, 934 S.W.2d 678, 687 (Tex. Crim. App. 1996) (finding nothing preserved for review if objection at trial does not comport with issue on appeal); *Carrasco v. State*, No. 08-99-00216-CR, 2001 WL 1356998, at *7 (Tex. App.—El Paso Nov. 6, 2001, no pet.) (not designated for publication) (finding waiver of Rule-403 issue where it was not brought up in trial); *see also* Tex.

9

R. App. P. 38.1(i) (requiring clear and concise arguments with appropriate citations to authorities and the record).

Second, in the harm portion of his brief, Bates acknowledges that additional objections he raises on appeal were *not* raised in the trial court. Here, he specifically mentions error based on both the Confrontation Clause and hearsay. To this extent, Bates recognizes that objections were not properly made at trial. To preserve error for our review, complaints regarding the Confrontation Clause must be objected to at trial in a timely and specific manner. *See* Tex. R. App. P. 33.1(a); *see also Ortiz v. State*, No. 08-15-00344-CR, 2017 WL 3667829, at *4 (Tex. App.—El Paso Aug. 25, 2017, pet. ref'd) (providing that a defendant forfeits a Confrontation Clause complaint by failing to properly object at trial). And as for hearsay, the record shows he only slightly engaged in more dialogue with the trial court but still failed to lodge a timely and specific objection.

At the pretrial hearing, Bates requested rulings on his objections. In doing so, he made a general hearsay objection. When the trial court asked, "[h]earsay . . . as far as what," Bates responded, "[t]he judgment." The trial court then overruled the objection. Bates reasserted a general hearsay objection once more before State's Exhibit 2 was admitted, to which the trial court overruled. Based on the totality of this record, Bates's hearsay objection failed to preserve anything for our review. *See Flores v. State*, 513 S.W.3d 146, 174 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (finding general hearsay objection to medical records did not preserve error as to any of the specific, unobjected-to statements complained of on appeal). Even so, Bates also fails to develop his argument on appeal as to what portion of the evidence was hearsay and on what basis the objection applied. *See* Tex. R. App. P. 38.1(i).

For all these reasons, we overrule Bates's sole issue.

## III. CONCLUSION

We affirm the judgment.

GINA M. PALAFOX, Justice

November 12, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)